IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

JASON TETIDRICK, TRACY GARDNER,    )
ROY COLLINS, DANIEL SINCLAIR, DON    )
BROWN and TIM JOST, in their representative    )
capacities as Trustees of the District No. 9    )
International Association of Machinists and    )
Aerospace Workers Pension Trust, DISTRICT NO. 9 )    Case No.
INTERNATIONAL ASSOCIATION OF    )
MACHINISTS AND AEROSPACE WORKERS    )
PENSION TRUST,    )
                                                                    )
                                       Plaintiffs,    )
                                                                    )
vs.    )
                                                                    )
WOOD RIVER GLASS CO., INC.,    )
an Illinois corporation,    )
                                                                    )
                                       Defendant.    )

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.    Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f) and by Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1451. Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 4301(d) of MPPAA, 29 U.S.C. §1451(d).

2.    Plaintiff District No. 9, International Association of Machinists and Aerospace Workers Pension Trust ("Pension Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of ERISA, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.

The Pension Trust is administered from offices located at 12365 St. Charles Rock Road, Bridgeton, Missouri 63044.

3.      Plaintiffs Jason Tetidrick, Tracy Gardner, Roy Collins, Daniel J. Sinclair, Don Brown and Tim Jost are the duly designated and acting Trustees of the Pension Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of ERISA, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

4.      Defendant Wood River Glass Co., Inc. ("Wood River Glass") is an Illinois corporation, and has at all material times been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§152(2), (6) and (7).

5.      Defendant Wood River Glass was at all times relevant party to a collective bargaining agreement with District No. 9 of the International Association of Machinists and Aerospace Workers which required Wood River Glass to contribute to the Pension Trust.

6.      Defendant Wood River Glass experienced a withdrawal from the Pension Trust during the 2024 plan year.

7.      The Pension Trust's actuarial consultants computed that Wood River Glass had withdrawal liability of $22,172.00.

8.      On November 13, 2024, the Pension Trust issued a withdrawal liability assessment to defendant Wood River Glass. Pursuant to the assessment, defendant was required to either pay the assessed withdrawal liability in a lump sum by January 1, 2025, or to make monthly payments of $230.00 beginning January 1, 2025. See Exhibit 1 hereto.

2

9. Defendant failed to either pay the full amount of the assessment or make the initial monthly payment by January 1, 2025.

10. The MPPAA at 29 U.S.C. §1399(b)(2)(A) provides that no later than 90 days after the employer receives notice of an assessment of withdrawal liability, the employer may ask the plan to review any specific matter related to the employer's withdrawal liability.

11. Defendant Wood River Glass failed to ask the Pension Trust to review its withdrawal liability assessment.

12. The MPPAA at 29 U.S.C. §1401(a)(1) allows an employer to request arbitration of disputes if the employer has asked the plan to review its withdrawal liability assessment. Wood River Glass did not request arbitration of any dispute.

13. The MPPAA provides at 29 U.S.C. §1401(b)(1) that if no arbitration proceeding has been initiated, the amounts demanded by the plan shall be due and owing and the plan may bring an action for collection.

14. The MPPAA provides at 29 U.S.C. §1399(c)(1)(5)(A) that an uncured default in installment payments results in the entire assessed amount being due and owing.

15. Defendant Wood River Glass has made no payments of its assessed withdrawal liability.

16. Plaintiffs by letter dated January 8, 2025 informed defendant that it was in default in its withdrawal liability payments. See Exhibit 2 hereto.

17. Defendant Wood River Glass failed to cure its default.

18. Pursuant to 29 U.S.C. §1399, the entire withdrawal liability amount of $22,172.00 is now due and owing.

19.    Pursuant to the terms of the Pension Trust and MPPAA, plaintiffs are entitled to liquidated damages, interest and an award of their attorneys' fees and court costs.

WHEREFORE, plaintiffs pray this Court for the following relief on Count I of their Complaint:

1.    A judgment against defendant Wood River Glass for the withdrawal liability assessment of $22,172.00.

2.    Judgment for interest and liquidated damages.

3.    An award of plaintiffs' attorneys' fees and court costs.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
(314) 727-1015 (Telephone)
(314) 727-6804 (Facsimile)
gcampbell@hammondshinners.com

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381MO
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, DC 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, DC 20220, on May 7, 2025.

/s/ Greg A. Campbell

4